**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA :
:
:
v. : CR. No CR07-140T
:
:
BARRY ZURYBIDA :

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant BARRY ZURYBIDA have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a three-count Information which charges two counts of Production of Child Pornography, in violation of 18 U.S.C. §2251(a), and one count of Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(4). Defendant will plead guilty to the Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. §3161.

b. Defendant agrees that his personal computer and its effects (including the hard drive seized with the computer), and his Olympus camera, which were seized from his residence by Middletown Police on February 15, 2007, were properly seized and were used and intended to be used to commit and facilitate the

21

commission of the offenses specified in the indictment, to which Defendant has agreed to plead guilty. Defendant agrees that these items are subject to forfeiture to the United States pursuant to 18 U.S.C. §2428. Defendant hereby relinquishes to the United States any claim, title and interest Defendant has in said items.

2. Government's Obligations. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level for the offense level determined by the Court under the United States Sentencing Guidelines (the guidelines), or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a split sentence.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. If the offense level is 16 or greater, the government will move the sentencing Court for an additional decrease of one

level, pursuant to U.S.S.G. §3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The United States is free to recommend any combination of supervised release, fines, and restitution that it deems appropriate.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the Guidelines in fashioning any sentence in this case, the Guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. §3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the Guidelines:

a. The offense involved a minor who had not attained the age of twelve years (see U.S.S.G. §2G2.1(b)(1)(A)).

b. The offense involved sexual contact (see U.S.S.G. §2G2.1(b)(2)(A)).

~~c. The offense involved two minors.~~ TD KJF BWJ

5. Based on the agreed facts stated in paragraph 4, and based on the facts presently known to the government, the government and the defendant agree that the defendant's offense level is a ~~37~~ 35. Except as expressly provided in this paragraph

TD KJF BWJ

and paragraph 4, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the Guideline calculation.

6. The maximum and minimum statutory penalties for the offenses to which Defendant is pleading are as follows:

| | |
|---|---|
| Counts 1 and 2: | - Thirty (30) years imprisonment, with a mandatory minimum sentence of fifteen (15) years;<br>- a term of supervised release of life, with a minimum term of five (5) years;<br>- a fine of $250,000; and<br>- a mandatory special assessment of $100. |
| Count 3: | - Ten (10) years imprisonment;<br>- a term of supervised release of life, with a minimum term of five (5) years;<br>- a fine of $250,000; and<br>- a mandatory special assessment of $100. |

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are seventy (70) years imprisonment, with a minimum mandatory term of 30 years imprisonment; fines of $750,000; and a term of supervised release of at least ten (15) years up to life. The mandatory special assessment totals $300.

7. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

- The government has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath;
- Defendant has the right to plead not guilty;
- He has the right to a jury trial;
- He has the right to be represented by counsel B and if necessary have the Court appoint counsel B at trial and every other stage of

the proceeding;

- He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses the witnesses against him; and
- Defendant waives these trial rights if the Court accepts his plea of guilty.

Defendant is also advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands he could request DNA testing of such evidence in this case prior to any findings of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, he has the right to request DNA testing of such evidence pursuant to 18 U.S.C. §3600. Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent

of the offenses to which he is pleading guilty.

9. The United States reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the Guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives the right to file a direct appeal if the sentence imposed by the Court is the mandatory minimum

sentence, within the guideline range determined by the Court or lower, with the exception that the defendant's right to appeal an adverse ruling on any motion for a downward departure is preserved. This agreement does not affect the rights or obligations of the United States as set forth in §3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under this agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the Guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced

him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

Barry V Zurybida — 10-9-7

BARRY ZURYBIDA — Date
Defendant

10-9-7

KEVIN J. FITZGERALD, ESQ. — Date
Counsel for Defendant

11/13/07

TERRENCE P. DONNELLY — Date
Assistant U.S. Attorney

11/13/2007

STEPHEN G. DAMBRUCH — Date
Assistant U.S. Attorney
Criminal Chief