UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 007-0140T |
| | ) | |
| BARRY ZURYBIDA | ) | |

---

OBJECTION TO PRESENTENCE REPORT

Now comes Barry Zurybida, the Defendant in the above captioned matter, and objects to the overall offense level and corresponding advisory guideline range as determined by the Probation Department in this case. Specifically, Mr. Zurybida objects to the imposition of the two level enhancement for the complaining witness being in his care, custody or supervisory control, which ultimately raises his offense level from 35 to 37. Pursuant to the plea agreement, the government and Mr. Zurybida agreed to facts and an offense level of 35.

In the presentence report ("PSR"), ¶¶ 19 & 28, the probation department applies a two level enhancement for the complaining witness being in the care, custody, or supervisory control of Mr. Zurybida in relation to these charges pursuant to U.S.S.G. § 2G2.1(b)(5). Probation relies on a part of the government's version, PSR ¶ 9, which includes a molestation allegation leveled against Mr. Zurybida by the two Eldridge girls. That allegation is part of a pending matter in Rhode Island State Court, not part of these charges. Mr. Zurybida did admit and agree to an enhancement in this sentencing for sexual contact related to the production of the subject photos, PSR ¶¶ 18 & 27, but has made no specific admission or agreement to any particular facts which does or could support this enhancement.

Mr. Zurybida's relationship with the complaining witness in this case does not fall into the guardian type relation described in the guidelines. The application note indicates that the sentencing court should read the relationship broadly, encompassing relations from parents to babysitters. U.S.S.G. § 2G2.1, app. n. 3(a). The guideline notes do not address if the crime must occur during a period of time the individual has the child in his care, but, regardless, these offenses did not occur while the complaining witness was in Mr. Zurybida's care. Mr. Zurybida did not serve in loco

parentis or as a lesser guardian for the child, thus this enhancement is not supported by the facts.

The Court should sustain this objection. The factual basis used by the probation department for this enhancement is grounded in a separate case not before the Court: not charged and not subject to discovery, investigation, or cross examination. Mr. Zurybida and the government agreed to the appropriate enhancements under the guidelines based on a careful review of all the facts (including the allegation used to support this enhancement), and further agreed that those enhancements result in an offense level of 35. The Court should honor that agreement and strike the enhancement. The resulting guideline range, based on an offense level of 35 in category I, is 180-210 months incarceration.

Respectfully submitted
Barry Zurybida
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by electronic notification to Terrence Donnelly, Assistant United States Attorney, and Kristin Mattias, United States Probation Officer, on March 31, 2008.

/s/ Kevin J. Fitzgerald