UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 007-0140T |
| | ) | |
| BARRY ZURYBIDA | ) | |

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Barry Zurybida, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the statutory mandatory minimum sentence provides an appropriate under the circumstances presented here, and thus satisfies the purposes of sentencing as dictated by 18 U.S.C. § 3553(a). Mr. Zurybida requests the Court impose the mandatory minimum sentence of 180 months incarceration.

Respectfully submitted
Barry Zurybida
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by hand-delivery to Terrence Donnelly, Assistant United States Attorney, and Kristin Mattias, United States Probation Officer, on May 2, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 007-0140T |
| | ) | |
| BARRY ZURYBIDA | ) | |

MEMORANDUM IN SUPPORT OF SENTENCING
(Redacted)

I. Introduction

Mr. Zurybida respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2007). Mr. Zurybida requests the Court to impose the mandatory minimum sentence of 180 months incarceration followed by supervised release. This recommendation is sufficient to adequately addresses society's needs of punishment and deterrence in this instance, as well as the rehabilitative process for Mr. Zurybida without being longer than necessary.

II. Factual and Procedural Background

On February 15, 2007, police and government agents seized Mr. Zurybida's computer from his home pursuant to previously issued search warrant. Subsequent search of the computer's memory revealed several items of child pornography. The government filed a complaint against Mr. Zurybida charging him possession of these items as well as producing some of the pictures. Agents arrested him on June 15, 2007, and the Court ordered Mr. Zurybida held pending the resolution of the case.

Mr. Zurybida entered a plea agreement with government admitting to the charged offenses. Based on his recognition of the evidence against him and the potential stress of a trial on both the victim's family and his own, Mr. Zurybida chose to waive the indictment process and his right to a trial and pled guilty to the information herein on December 11, 2007. The plea agreement records

the complicated nature of the case and the potential sentencing under both the statute and the advisory sentencing guidelines. Mr. Zurybida and the government agreed that his offense level, considering all available facts and circumstances, would be 35 pursuant to the sentencing guidelines. That offense level results in a sentencing range of 180 to 210 months. The charged statute, 18 U.S.C. § 2251(a), mandates a minimum sentence of 180 months. After significant thought and negotiation, the defense and the government agreed that 180 months represented the appropriate sentence in this instance for Mr. Zurybida. Sentencing is scheduled for May 15, 2008.

III. Sentencing Considerations

A. General

The Court must follow 18 U.S.C. 3553(a) when determining the appropriate sentence in this case. The statute directs the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include providing just punishment, creating general and specific deterrence, incapacitating the defendant, and rehabilitating the defendant. 18 U.S.C. § 3553(a)(2). In order to effect these purposes the Court must consider an array of general and specific items of relevant information.

The specific information predictably pertains to the defendant and his particular circumstances. 18 U.S.C. § 3553(a)(1). The Court considers his background and character through a complex summary of the defendant's life history. This information typically comes from the defendant, defense counsel, family and friends, medical and psychological examinations, the presentence investigation report, and, in some cases, the government. The Court must also consider the unique facts surrounding the charges upon which the defendant will be sentenced. In many cases the Court may need to also consider the unique facts of the defendant's prior convictions. The district judge then uses all of the compiled individual information when determining the appropriate sentence.

Under the statute, the Court must also consider general information including the types of sentences available and the advisory guideline range[1]. 18 U.S.C. § 3553(a)(4) & (5). Congress

---

[1] The United States Sentencing Guidelines rendered advisory, not mandatory, by *United States v. Booker*, 543 U.S. 220 (2005).

tasked the Sentencing Commission to develop guidelines for "categories of offenses" and "categories of defendants," (28 U.S.C. § 994(c) & (d)), in a manner consistent with 18 U.S.C. § 3553(a)(2). 28 U.S.C. § 991(b)(1)(A). The Commission was not instructed, however, to weigh individual characteristics or effectuate the parsimony principle into its advisory guidelines.

The sentencing process includes the calculation of the advisory guideline range, the motion and argument of guideline departures, and the weighing of relevant information affecting sentencing factors under § 3553(a). *Gall v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13083, ***20-21 (2007) (following *Rita v. United States*, 551 U.S. ___, 2007 U.S. LEXIS 8269 (2007)). The district court must consider all of that information, make an individualized assessment of the information, decide whether the information supports the sentence requested by either party, and decide the appropriate length of the sentence. *Gall*, 2007 U.S. LEXIS 13083, at ***21. The sentencing court may not presume the guideline suggested range to be appropriate or reasonable. *Rita*, 2007 U.S. LEXIS 8269, **16-17, **25.[2] The sentencing court must "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) (interpreting *Rita)*. If the Court determines that a sentence outside the guidelines is appropriate it must ensure that the justification is sufficient to support the variance. *Gall*, 2007 U.S. LEXIS 13083, at ***21. Extraordinary circumstances are not required for a variance. *Id*. at ***16. The respect and considerate weight due for the suggested guideline range, statute direction notwithstanding, is born from the Sentencing Commission's production of certain guidelines based on empirical study and review of past practice. *See United States v. Smith*, 445 F.3d 1, 4 (1st Cir. 2006). Not all guidelines, however, are based on such data and sentencing courts are therefore free to disagree with suggested guideline ranges on pure policy grounds. *Kimbrough v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13082, ***31-32 (2007). Again, the Court must explain its disagreement to the extent that it results in a variant sentence.

In light of the Supreme court rulings in *Rita*, *Gall*, and *Kimbrough*, several First Circuit post-

---

[2] The Supreme Court reserved a non-binding rebuttable presumption that a guideline sentence is reasonable for appellate review. *Id*.

*Booker* sentencing dictates no longer apply. First, the suggested guideline sentence ranges do not carry any preeminence over other sentencing considerations in § 3553(a). *See Gall*, 2007 U.S. LEXIS 13083, at ***21; *Rita*, 2007 U.S. LEXIS 8269, **16-17, **25.[3] Second, a sentence which varies from the suggested guideline range need not be supported by sliding scale reasoning which would require "greater" justification the greater the variance. *Gall*, 2007 U.S. LEXIS 13083, at ***21.[4] And third, the Court is now free to disagree with and vary from a suggested guideline range based on policy disagreement. *Kimbrough v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13082, ***31-32 .[5]

The sentencing judge is in the best position to accurately and efficiently determine the appropriate sentence in an individual case. Congress has charged the district court, not the Sentencing Commission, with that duty. 18 U.S.C. § 3553(a). Only the judge can assess the character and background of an individual. Only the judge can enforce the parsimony directive. Only the judge can look the defendant in the eye at sentencing. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). This Court must determine the appropriate sentence, one that is sufficient but not greater than necessary, by incorporating all of the considerations under § 3553(a).

B. Nature of the Offense

The offenses committed by Mr. Zurybida are serious. Mr. Zurybida fully recognizes this fact as he tries to deal with his loss of everything important to him in his life in addition to his contemplation of the harm he has caused. Congress also recognized the serious nature of these

---

[3] Overruling, *e.g.*, *United States v. Smith*, 445 F.3d 1, 4 (1st Cir. 2006), crediting the guidelines with a heightened importance among sentencing factor considerations.

[4] Overruling *Smith*, *supra*, and *United States v. Thurston*, 456 F.3d 211 (1st Cir. 2006), to the extent that those rulings required more and extraordinary circumstances the greater the sentence varied from the guideline range.

[5] Overruling *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006).

offenses and therefore set the mandatory minimum sentence at 180 months in prison. All like crimes are very serious, but there is nothing particularly egregious about these offenses to distinguish them from those other like crimes.

C. Criminal Record

Mr. Zurybida has no other contacts with the criminal justice system. He has led a decent life. He has maintained employment his entire adult life. He has been a productive member of society. The Court must consider Mr. Zurybida's clear past. Congress has instructed the courts to consider the lack of criminal record when determining the appropriate sentence. *See* 18 U.S.C. § 3553(a)(1); 28 U.S.C. § 994(j) (discussing first time offenders). The seriousness of the offenses and the statute certainly preclude a lower sentence for Mr. Zurybida, but consideration of his lack of a criminal history certainly supports the minimum sentence in this instance.

D. The Minimally Sufficient Sentence

The sentencing statute directs the Court to impose a parsimonious sentence supporting the purposes of sentencing: just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). Just punishment must reflect the seriousness of the crime, the culpability of the defendant, and must also promote respect for the law and process. The agreed upon sentence recommendation for Mr. Zurybida adequately promotes and supports these purposes.

When determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The purpose of incapacitation serves to punish a defendant as well as protect society from the individual. The seriousness of these offenses warrant a severe sentence to address both of those issues. The recommended sentence is nothing short of severe. He will spend the next 13 to 15 years in federal prison. His health care will be subject to the BOP's guidelines. He will be subject to the prejudice of other inmates based on his crimes. He will be subject to BOP review to determine if he is a sexually dangerous predator before he is released from this sentence. He will be subject to lifetime registration under the Sex Offender Registration and Notification Act. He will also be in his mid-60's when released. No reasonable argument can be made that the recommended sentence

represents a measure of leniency for Mr. Zurybida.

Mr. Zurybida will not present a significant recidivist risk when released. The United Sentencing Commission, as part of its charter, studied the concept of recidivism and identified many factors which correlate with the possibility of defendants reoffending. Mr. Zurybida has several characteristics which lower the predicted chance of his recidivism: he is a first time offender, has a strong employment history, and will be over 60 years old when released. *See* Measuring Recidivism: The Criminal History Computation of The Federal Sentencing Guidelines, United States Sentencing Commission, at 12-13 (May 2004) (available at www.ussc.gov/publicat/Recidivism_General.pdf ) ("Recidivism Report"). The Sentencing Commission has also determined through study that first time offenders (persons with no other contact with the criminal justice system at all) recidivate at the lowest rate of any distinct group; 6.8%. *See* First Offender Report, at 13-14, 16-17. That rate of recidivism does not include considerations of age, employment, etc., which would push the prediction even lower. Also noteworthy, Mr. Zurybida will be closely monitored as a registered sex offender. Realistically, Mr. Zurybida does not present a strong recidivist threat. The recommended sentence adequately provides for all of the purposes of sentencing.

## IV. Conclusion

The Court must impose the minimally sufficient sentence in this matter per the guidance of 18 U.S.C. § 3553(a). In this instance the agreed upon recommendation of 180 months incarceration best represents the appropriate sentence. For all of these reasons the Court should impose the proposed sentence.

Respectfully submitted
Barry Zurybida
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by hand-delivery to Terrence Donnelly, Assistant United States Attorney, and Kristin Mattias, United States Probation Officer, on May 2, 2008.

/s/ Kevin J. Fitzgerald